**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JASON MURRELL, #M51664,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 25-cv-01149-SMY** |
| | ) | |
| **DR. CHAPMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, Chief Judge:**

Plaintiff Jason Murrell, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims defendant was deliberately indifferent to his serious dental condition and seeks monetary damages. (Doc. 30). Plaintiff's original Complaint (Doc. 13) was dismissed for failure to state a claim upon which relief may be granted, and he was allowed to amend his pleading (Doc. 27).

This case is now before the Court for preliminary review of Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### <u>The First Amended Complaint</u>

Plaintiff makes the following allegations in the Amended Complaint (Doc. 30): Dr. Chapman (Pinckneyville dentist) extracted a tooth from the right side of Plaintiff's jaw on January 28, 2025 (Doc. 30, pp. 5-6). After pulling the tooth, "Dr. Chapman examine[d] the extraction site

1

to make sure it was properly removed and the extraction site was clean. . . . Therefore Defendant Dr. Chapman knew there [were] tooth fragments inside Plaintiff['s] extraction site still.  Dr. Chapman intentionally failed to remove the tooth fragments from Plaintiff['s] mouth." (Doc. 1, p. 5).  Plaintiff suffered pain from that day through July 9, 2025.

Two days after the extraction, Plaintiff's jaw was swollen, he had difficulty chewing food, severe headaches, and difficulty sleeping on his right side (Doc. 30, p. 6).  Plaintiff visited Dr. Chapman on February 5, 2025.  He informed Plaintiff there were tooth fragments inside the partially healed extraction site, causing pain and improper healing.  Dr. Chapman reopened the wound and removed the tooth fragments.  He gave Plaintiff Tylenol and penicillin.

Plaintiff continued to have difficulty chewing and his pain was at "level 10" on February 7, 2025 (Doc. 30, p. 6).  He saw Dr. Chapman again on February 11, 2025 and was told his mouth was still in the healing process (Doc. 30, p. 7).

By May 22, 2025, Plaintiff still had pain on the right side of his mouth every time he yawned or chewed.  Dr. Chapman examined Plaintiff again on May 28, 2025 and said his mouth could still be in the healing process from the removal of the tooth fragments.  An x-ray was performed which, according to Dr. Chapman, showed the tooth next to the extraction site was "having some type of recession." (Doc. 30, p. 7).

Based on the allegations in the First Amended Complaint, the Court designates the following claim in this *pro se* action:

Count 1:    Eighth Amendment deliberate indifference to serious dental needs claim against Dr. Chapman for the incomplete extraction of Plaintiff's tooth on January 28, 2025 and follow-up surgery on February 5, 2025, causing ongoing pain and suffering.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading

standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Discussion

### Count 1

Prison medical and dental staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical or dental needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts suggesting (1) he suffered from an objectively serious medical/dental condition, and (2) the defendant acted with deliberate indifference to his condition. *Id.* An objectively serious condition includes a condition that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Deliberate indifference is a subjective standard that is met if a defendant either 'knows of and disregards an excessive risk to inmate health or safety' or 'is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he draws the inference.'" *Jackson v. Esser*, 105 F.4th 948, 961 (7th Cir. 2024) (quoting *Johnson v. Dominguez*, 5 F.4th 818, 824-25 (7th Cir. 2021); internal quotation marks omitted). Mere negligence or medical/dental malpractice does not amount to deliberate indifference. *Jackson*, 105 F.4th at 961. The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Ineffective treatment is not deliberate indifference. *See Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008).

3

Plaintiff's original Complaint was dismissed for failure to state a claim because his factual allegations did not suggest Dr. Chapman was deliberately indifferent to his dental condition. The First Amended Complaint is similarly flawed.

Plaintiff's tooth condition and pain were objectively serious. However, the First Amended Complaint contains only a conclusory statement that Dr. Chapman knew or should have known immediately after the extraction that tooth fragments remained in Plaintiff's jaw. Plaintiff does not support this conclusion or his claim that Dr. Chapman intentionally failed to remove the tooth fragments with any factual allegations. Conclusory legal statements are not sufficient to state a plausible constitutional claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The allegation that Dr. Chapman knew or should have known the extraction was incomplete amounts to negligence, mistake, or, at worst, malpractice. That does not rise to the level of unconstitutional deliberate indifference. To the contrary, Dr. Chapman provided ongoing assessment and follow-up treatment for Plaintiff's condition. He removed the tooth fragments, gave Plaintiff medications for pain and infection, saw Plaintiff for two other follow-up examinations, and gave him an x-ray. Count 1 will therefore be dismissed.

### Disposition

Plaintiff's claim in Count 1 and this case are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. When a Complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint to correct the deficiencies, as was done in this case. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if further amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Here, Plaintiff has had two opportunities

4

to plead his claims and set forth additional supporting facts, but his description of events fails to support a deliberate indifference claim. The Court concludes that further amendment of Plaintiff's claims in this action would be futile. As such, the dismissal of this case is with prejudice and without leave to amend. The Clerk is **DIRECTED** to enter judgment accordingly. The Court counts the dismissal of this action as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: June 8, 2026**

_____
**STACI M. YANDLE**
**Chief U.S. District Judge**

5